IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LACEY HEINEMAN, *individually and as Administrator of the Estate of Jeffrey W. Pride, deceased*, and SHANE PRIDE, <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA., <br><br> Defendant. | Case No. 15-cv-1327-MJR-PMF |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

In 2015, Lacey Heineman and Shane Pride filed a complaint in this Court against National Union Fire Insurance Company, alleging that National Union wrongly denied their claims for life insurance benefits. Heineman and Pride's insurance claims were for benefits on a policy issued to Kraft Foods that provided life and accident benefits to Kraft's employees. Heineman and Pride's father, Jeffrey Pride, worked for Kraft Foods, and Jeffrey had listed Heineman and Pride as his beneficiaries in the event of his death. In May 2014, Jeffrey died as a result of a motor vehicle accident, and shortly thereafter Heineman and Pride filed claims with National Union for the insurance benefits. Seven months after that, National Union denied Heineman and Pride's claims—the life insurance policy excluded coverage for accidents involving intoxication, and an accident reconstruction report and a toxicology report indicated that Jeffrey was intoxicated at the time of the wreck. Heineman and Pride appealed the denials up the

1

insurance chain but were rebuffed, and when they had exhausted their remedies, they filed suit under the Employee Retirement Income Security Act.

Heineman and Pride's complaint raises two counts: they say that National Union violated the Employee Retirement Income Security Act by wrongfully denying them benefits under the insurance policy and by ruling on their insurance claims in a manner that ran roughshod over the procedural requirements in the Act. National Union answered the first count, defending the plan administrator's decision on the grounds that the reconstruction report showed that Jeffrey was intoxicated at the time of the wreck. Two motions followed: National Union moved to dismiss Heineman and Pride's procedural count, and Heineman and Pride moved to strike the reconstruction-related material in National Union's answer. Both motions are now ripe for review.

The Court will begin with National Union's motion to dismiss the procedural count of the complaint. That count is premised on 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1: the plaintiffs want compensatory damages and equitable relief because the plan administrator allegedly bungled a number of procedural requirements that administrators must follow under the Employee Retirement Income Security Act. National Union's motion to dismiss is premised entirely on the notion that litigants can't get any relief for procedural violations alone, but that premise is wrong. The typical remedy for procedural violations is a remand to the plan administrator for a redo with the correct procedures applied. ***Kough v. Teamsters' Local 301 Pension Plan,* 437 F. App'x 483, 488 (7th Cir. 2011).** That relief is equitable in nature, and the plaintiffs

here have a broad request for equitable relief in the procedural count of the complaint. That's enough, on its own, to keep the count alive at this early stage of the case.

National Union's real beef seems to be with the compensatory damages request in the procedural count—it is of the view that compensatory damages can never be awarded for procedural violations. Not so. It's true that Heineman and Pride can't obtain extra-contractual money damages, say for expenses they suffered because the plan administrator delayed processing their claims, *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985); *Heller v. Fortis Benefits Ins. Co.*, 142 F.3d 487, 492 (D.C. Cir. 1998), but they aren't asking for those damages here. It's also true that damages typically aren't available merely because the administrator bungled procedure in denying a one-time request for benefits—what matters is whether the contract allows for those benefits, and damages in the form of the benefits sought are only permissible when the administrator or the Court finds that the benefits are owed. *E.g., Kough*, 437 F. App'x at 488 (7th Cir. 2011); *Hackett v. Xerox Corp. Long-Term Disability Income Plan*, 315 F.3d 771, 776 (7th Cir. 2003); *Quinn v. Blue Cross & Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998), *abrogated on other grounds by Huss v. IBM Medical & Dental Plan*, 418 F. App'x 498, 511 (7th Cir. 2011); *Gallo v. Amoco Corp.*, 102 F.3d 918, 923 (7th Cir. 1996). But in certain, very limited scenarios, where a remand to the administrator wouldn't allow for a complete finding on benefits because of the administrator's initial procedural blunders, the Court can sometimes fashion a remedy that would include partial or full benefits regardless of whether the beneficiary is decisively entitled to them. *See Schleibaum v. Kmart Corp.*, 153 F.3d 496, 503 (7th Cir.

3

1998). All of this is to say that there are potential compensatory remedies for procedural violations, and because National Union seeks a wholesale dismissal of those damages on the grounds that those remedies are never available, the Court can't dismiss that count just yet. National Union is free to argue at a later stage that the facts of this case don't allow for compensatory relief based on procedural blunders.

With National Union's motion to dismiss dealt with, the Court will turn to Heinemann and Pride's motion to strike. The plaintiffs want the Court to strike two affirmative defenses and one section of National Union's answer—those sections deal with the reconstruction report submitted to National Union's administrator in late 2014, which fed into the administrator's subsequent decision to deny benefits based on Jeffrey Pride's intoxication at the time of the accident. According to the plaintiffs, the report (and the administrator's ruling) came after the deadline elapsed for a decision on the plaintiffs' insurance claims, so the plaintiffs are of the view that the report can't be considered at all in addressing the propriety of the administrator's decision. The deadline for a benefits ruling, says 29 C.F.R. 2560.503-1, is 90 days without special circumstances and 180 days with them, and the plaintiffs see this statutory provision as something of an exclusionary rule, requiring the plan (and this Court) to ignore any material that made its way into the administrative record after the deadline passed.

Motions to strike are governed by Federal Rule of Civil Procedure 12, which states that a court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike has some utility when it comes to addressing straightforward legal questions, but outside of

4

that narrow circumstance the tool is disfavored, for courts prefer that defenses or other material in a pleading remain viable past the early start of a case if the defense or material has a decent chance of success on a fuller record.  *See United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975); *see also* 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1381 (3d ed. 2016).  When the material or defense sought to be stricken involves disputed facts or a close legal call—when the material presents "substantial questions of law or fact" or if the insufficiency of the material "is not clearly apparent"—the motion to strike should be denied in favor of resolution of the question at a later stage of the case.  *Acres of Land*, 514 F.2d at 631.

At the least, Heinemann and Pride's request to exclude involves unresolved questions of fact, so it must be denied for now.  It's an open legal question, in this circuit at least, whether a procedural bungle can lead to the exclusion of evidence that was considered by the plan administrator.  Even if it could—and the Court needn't resolve that question at this point—a strike order wouldn't be proper unless the procedural foul-ups were serious.  The Seventh Circuit has taken the general view that substantial compliance with the Act's procedural requirements is enough, *Brehmer v. Inland Steel Indus. Pension Plan*, 114 F.3d 656, 662 (7th Cir. 1997), and those circuits that have excluded evidence for some procedural violations have only applied the remedy in a manner consistent with that approach—if the procedural violations were non-serious, there's no need to strike.  *Lafleur v. Louisiana Health Serv. & Indem. Co.*, 563 F.3d 148, 160 (5th Cir. 2009); *Bard v. Boston Shipping Assoc.*, 471 F.3d 229, 244 (1st Cir. 2006).  Substantial compliance in the deadline context would exist if there was an ongoing

5

evidence-gathering process that pushed passed the deadline during which the claimant was kept reasonably informed as to the status of her claim. *E.g.*, *Abatie v. Alta Health & Life Ins. Co.*, **458 F.3d 955, 972 (9th Cir. 2006);** *Gilbertson v. Allied Signal, Inc.*, **328 F.3d 625, 636 (10th Cir. 2003);** *Baackes v. Kaiser Found. Health Plan, Inc.*, **990 F. Supp. 2d 228, 239-40 (N.D.N.Y. 2014).** Whether that kind of process was at play here is a point bogged down in questions of fact, meaning it isn't grist for an early motion to strike.

To sum up, National Union's motion to dismiss the second count of the complaint (Doc. 37) is **DENIED**. The plaintiffs' motion to strike some of National Union's answer and some of its affirmative defenses (Doc. 40) is likewise **DENIED**.

**IT IS SO ORDERED.**

DATED: September 22, 2016

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**